AROMA WINES & EQUIPMENT, INC v COLUMBIAN
DISTRIBUTION SERVICES, INC

Docket No. 311145. Submitted December 10, 2013, at Grand Rapids.
Decided December 17, 2013, at 9:10 a.m.

Aroma Wines and Equipment, Inc., brought an action in the Kent
Circuit Court against Columbian Distribution Services, Inc., alleg-
ing that defendant's refusal to release several thousand cases of
wine that plaintiff had hired it to store constituted a violation of
the Michigan Uniform Commercial Code (UCC), MCL 440.7209
and MCL 440.7204; a breach of contract; common-law conversion;
and statutory conversion, MCL 600.2919a. Defendant brought a
counterclaim for breach of contract and account stated for the
several thousand dollars in storage fees that plaintiff had not paid.
The court, Dennis B. Leiber, J., granted defendant's motion for a
directed verdict on the statutory conversion claim, but the jury
returned a verdict for plaintiff with respect to common-law con-
version and breach of contract and rejected defendant's counter-
claims. The court initially granted plaintiff's motion to tax costs
and attorney fees pursuant to *Larson v Van Horn*, 110 Mich App
369 (1981), but, on reconsideration, concluded that awarding
attorney fees in common-law conversion cases was improper.
Plaintiff appealed.

The Court of Appeals *held*:

1. The trial court erred by granting defendant's motion for
a directed verdict on plaintiff's statutory conversion claim. MCL
600.2919a allows a plaintiff to recover treble damages against a
defendant who converted plaintiff's property to the defendant's
own use. The plain meaning of the term "use" requires only that
a person employed the property for some purpose, and there was
evidence that defendant had moved plaintiff's wine out of
temperature-controlled storage contrary to the parties' con-
tract. Viewing this evidence in the light most favorable to
plaintiff, there were factual questions regarding whether defen-
dant had converted plaintiff's wine to its own use. A new trial to
determine defendant's liability for statutory conversion is nec-
essary, despite the jury's determination that defendant was
liable for common-law conversion, because common-law conver-

sion does not require a determination of whether the property was converted to defendant's own use and the award of treble damages under MCL 600.2919a is a discretionary matter for the trier of fact.

2. The trial court did not abuse its discretion by ruling on reconsideration that plaintiff was not entitled to attorney fees and costs. *Larson* did not support an award of attorney fees in this case because no exemplary damages were awarded and no fraud or other specific misconduct necessitating another lawsuit arising from the same action was alleged, and common-law conversion on its own did not provide a basis for the award of attorney fees. Further, plaintiff did not have a right to attorney fees for its UCC claims under *Scott v Hurd-Corrigan Moving & Storage Co, Inc.*, 103 Mich App 322 (1981), because plaintiff did not request exemplary damages or allege that defendant engaged in conduct that would have justified their award.

Affirmed in part, reversed in part, and remanded for further proceedings.

1. ACTIONS — STATUTORY CONVERSION — WORDS AND PHRASES — "PERSON'S OWN USE."

To recover damages for statutory conversion, a plaintiff must show that a person converted plaintiff's property to that person's own use; to "use" in this context means to employ the property for some purpose (MCL 600.2919a).

2. DAMAGES — ATTORNEY FEES — COMMON-LAW CONVERSION.

Attorney fees for claims of common-law conversion are not recoverable absent a basis for awarding exemplary damages such as fraud or other specific misconduct necessitating another lawsuit against a third party.

*Visser and Associates, PLLC* (by *Donald R. Visser*), for Aroma Wines and Equipment, Inc.

*Kuiper Orlebeke PC* (by *Thomas A. Kuiper*) and *Varnum, LLP* (by *Jon M. Bylsma*), for Columbian Distribution Services, Inc.

Before: WHITBECK, P.J., and HOEKSTRA and GLEICHER, JJ.

PER CURIAM. In this conversion and breach-of-contract case, plaintiff Aroma Wines and Equipment, Inc., appeals as of right the trial court's order granting a directed verdict in favor of defendant Columbian Distribution Services, Inc., regarding plaintiff's statutory conversion claim. Plaintiff also appeals the trial court's order denying its motion for attorney fees and costs. Because we conclude that a directed verdict was not warranted in this case and that the trial court properly denied plaintiff's request for attorney fees and costs, we affirm in part, reverse in part, and remand for further proceedings consistent with this opinion.

Plaintiff's claims stem from its storage of wine in defendant's warehouse. Plaintiff was in the business of importing and distributing fine wine, and defendant ran a warehousing and transportation business. Plaintiff and defendant entered into a contract for receiving and warehousing wine in a temperature-controlled environment. At first plaintiff made regular monthly payments to defendant; however, it eventually became delinquent in its monthly storage fees. In response to plaintiff's failure to timely pay the storage fees, defendant asserted a warehouse's lien on the 8,374 cases of wine that were being stored by plaintiff. Defendant allowed plaintiff to access small portions of its wine for several months, after which plaintiff paid defendant $1,000 toward making its account current. However, defendant eventually denied plaintiff access to the wine and demanded payment of $6,109, which would have made plaintiff's account current, before it would release any more of the wine to plaintiff. While the specific date and duration of the removal are disputed, defendant admits that plaintiff's wine was removed from its temperature-controlled storage area contrary to the terms of the parties' contract.

In response to defendant's refusal to release any of the wine, plaintiff filed a complaint against defendant. Plaintiff amended its complaint twice, with the final version alleging breach of contract, violation of Michigan's Uniform Commercial Code (UCC), MCL 440.7209 and MCL 440.7204, common-law conversion, and statutory conversion, MCL 600.2919a. Defendant answered plaintiff's complaints and filed a counterclaim for breach of contract and account stated. Eventually, a jury trial was held regarding the parties' claims.

Relevant to the issues raised on appeal, defendant moved for a directed verdict at the close of plaintiff's proofs. Defendant's directed verdict motion addressed both the statutory conversion claim and the issue of damages. The damages argument was rejected by the trial court and is not an issue on appeal. Regarding the statutory conversion claim, defendant argued that plaintiff failed to demonstrate that defendant had converted the wine to its own use. Moreover, defendant disputed that it had benefited from the movement of the wine and argued that, in any event, "benefit" is not the same thing as "use," which is what must be established to prove statutory conversion. Plaintiff responded by arguing that the definition of "use" is much broader than defendant maintained, and that because the term is not defined by the statute it must be given its common meaning, which raises a question for the jury. Plaintiff argued that defendant used the wine for its own purposes by withholding it and using it as leverage against plaintiff, and by moving it out of temperature-controlled storage and then filling that storage with different products from other customers.

Following the parties' arguments, the trial court issued its opinion on the record, stating in pertinent part:

First, according to Black's Law Dictionary, the 9th edition, the word "use" means the application or employment of a thing for the purpose for which it is adapted. Therefore, to use a wine, one would have to drink it or perhaps sell it. This position is strengthened by analogy to *J&W Transportation, LLC v Frazier*, [unpublished opinion per curiam of the Court of Appeals, issued June 1, 2010 (Docket No. 289711)], where statutory conversion damages were appropriate for converted trucks that were driven to generate income. Defendants [sic] are correct that the use of the wines must be for the purpose for which the wines are adapted for statutory conversion to apply.

\* \* \*

In sum, the defendant's motion for directed verdict is granted as to statutory conversion . . . .

Accordingly, the jury was not instructed on statutory conversion. On the twelfth day of trial the jury returned its verdict, finding that defendant had converted plaintiff's wine and that the value of that wine was $275,000. The jury also found that defendant had breached its contract with plaintiff and that the amount of damage was $275,000. Finally, the jury rejected defendant's counterclaims, finding that plaintiff had not breached the contract.

After trial, plaintiff moved to enter judgment and to tax costs and attorney fees. Initially, the trial court granted plaintiff's motion for attorney fees, citing *Larson v Van Horn*, 110 Mich App 369, 383; 313 NW2d 288 (1981), for the proposition that "attorney fees are available for a litigant who has suffered damage due to common law conversion." Defendant moved for reconsideration, arguing that *Larson* upheld the award of attorney fees as exemplary damages, which were specifically sought in that case. Moreover, defendant maintained that subsequent cases had narrowly construed

the ruling of *Larson*, noting that a later unpublished decision explicitly refused to award attorney fees to a plaintiff who was successful in a common-law conversion action. The trial court granted defendant's motion for reconsideration, reversing its award of attorney fees to plaintiff. The trial court explained that while *Larson* is a published decision from 1981, subsequent unpublished decisions indicated that an award of attorney fees in common-law conversion cases is improper.

On appeal, plaintiff first argues that defendant's motion for a directed verdict in regard to the statutory conversion claim should have been denied. Specifically, plaintiff argues that the trial court improperly interpreted the "to the other person's own use" requirement of MCL 600.2919a and that there was sufficient evidence to allow the statutory conversion issue to go to the jury.

We review de novo the trial court's grant or denial of a directed verdict. *Chouman v Home Owners Ins Co*, 293 Mich App 434, 441; 810 NW2d 88 (2011). "When evaluating a motion for directed verdict, the court must consider the evidence in the light most favorable to the nonmoving party, making all reasonable inferences in the nonmoving party's favor." *Id.* (quotation marks and citation omitted). Conflicts in the evidence must be decided in the nonmoving party's favor to decide whether a question of fact existed. *Cacevic v Simplimatic Engineering Co (On Remand)*, 248 Mich App 670, 679; 645 NW2d 287 (2001). "A directed verdict is appropriately granted only when no factual questions exist on which reasonable jurors could differ." *Id.* at 679-680.

MCL 600.2919a(1) provides in part, "A person damaged as a result of . . . the following may recover 3 times the amount of actual damages sustained, plus costs and

reasonable attorney fees: (a) Another person's stealing or embezzling property or converting property to the other person's own use." Conversion, both at common law and under the statute, is defined as "any distinct act of domain wrongfully exerted over another's personal property in denial of or inconsistent with the rights therein." *Lawsuit Fin, LLC v Curry*, 261 Mich App 579, 591; 683 NW2d 233 (2004) (quotation marks and citation omitted). The jury determined that defendant was liable for common-law conversion, and defendant does not dispute the verdict on appeal. Thus, whether conversion occurred is not an issue on appeal. At issue in this case is whether plaintiff presented evidence that the conversion was to defendant's "own use" as required by MCL 600.2919a(1)(a).

This Court has never addressed the precise meaning of the phrase "own use" in the context of the conversion statute. Accordingly, we must consider the language of the statute itself. The goal of statutory interpretation is to discern the intent of the Legislature by examining the plain language of the statute. *Driver v Naini*, 490 Mich 239, 246-247; 802 NW2d 311 (2011). "When the language is clear and unambiguous, we will apply the statute as written and judicial construction is not permitted." *Id*. at 247. Absent an alternative definition set forth in the statute, "every word or phrase of a statute will be ascribed its plain and ordinary meaning." *Robertson v DaimlerChrysler Corp*, 465 Mich 732, 748; 641 NW2d 567 (2002). Dictionary definitions may be consulted to determine the plain and ordinary meaning of a term. *Alken-Ziegler, Inc v Hague*, 283 Mich App 99, 102; 767 NW2d 668 (2009).

*Random House Webster's College Dictionary* (1992) offers 22 definitions of use; most relevant in the context of conversion, "use" is defined as "to employ for some

purpose[.]" Black's Law Dictionary (8th ed) defines "use" as "[t]he application or employment of something[.]"

In light of the dictionary definitions of "use," we conclude that plaintiff submitted sufficient evidence that defendant converted the wine to its own use to survive defendant's motion for a directed verdict. Contrary to the trial court's conclusion that "to use a wine, one would have to drink it or perhaps sell it," we hold that the definition of "use" encompasses a much broader meaning. The term "use" requires only that a person "employ for some purpose," *Random House Webster's College Dictionary* (1992), and clearly, drinking or selling the wine are not the only ways that defendant could have employed plaintiff's wine to its own purposes.[1] For example, in this case, it is not disputed that exhibits and testimony presented during trial established that the wine was moved from the temperature-controlled storage area or that defendant refused to allow plaintiff to access any of its wine until plaintiff brought its account up to date. Moreover, plaintiff presented some evidence to support its theory that defendant filled the temperature-controlled storage space that plaintiff's wine was moved out of with other customers' products. While this fact was disputed by defendant, there was enough evidence to submit the question to the jury. Although defendant maintains the wine was only moved to complete a reracking project in the storage area, even the act of moving plaintiff's wine

---

[1] We observe that construing the conversion statute's "use" element to mean only consumption or sale would essentially require proof of larceny, which is characterized by an intent to permanently deprive the owner of possession rather than a mere use that is inconsistent with the owner's rights. See, e.g., *People v Pratt*, 254 Mich App 425, 427-428; 656 NW2d 866 (2002) (holding that larceny requires proof that property was taken with the intent to permanently deprive the owner of possession).

contrary to the contract in order to undertake an expansion project to benefit itself could be considered an act of employing the wine to defendant's own purposes constituting "use" of the wine. If a jury believed the evidence showing that defendant moved plaintiff's wine for its own purposes—whether it be to sell the space to other customers or complete a construction project—or that it used the wine as leverage against plaintiff, it could have determined that defendant converted the wine to its own use. Accordingly, defendant was not entitled to a directed verdict on the issue of statutory conversion because, viewing the evidence in the light most favorable to plaintiff, there were factual questions regarding whether defendant converted plaintiff's wine to its own use.

Plaintiff further argues that remanding for a new trial is unnecessary if this Court agrees that the trial court erred by refusing to allow the issue of statutory conversion to go to the jury. Rather, plaintiff argues that because the jury specifically found defendant liable for common-law conversion, this Court should simply remand to the trial court for entry of treble damages and assessment of attorney fees under MCL 600.2919a. We disagree.

MCL 600.2919a(1) provides that a person damaged under the statute "*may* recover 3 times the amount of actual damages sustained, plus costs and reasonable attorney fees[.]" (Emphasis added.) The term "may" is permissive and indicates discretionary activity. *Haring Charter Twp v Cadillac*, 290 Mich App 728, 749; 811 NW2d 74 (2010). Thus, under the language in MCL 600.2912a(1), treble damages and attorney fees are discretionary. Accordingly, whether to award treble damages is a question for the trier of fact, and we cannot simply order treble damages upon a finding of

conversion. This Court has come to this conclusion previously in its unpublished decisions. See *LMT Corp v Colonel, LLC*, unpublished opinion per curiam of the Court of Appeals, issued April 19, 2011 (Docket No. 294063) (rejecting the plaintiff's argument that this Court should simply award treble damages for the defendant's statutory conversion and holding that treble damages are permissive under the statute and are accordingly a question for the trier of fact); *Poly Bond, Inc v Jen-Tech Corp*, unpublished opinion per curiam of the Court of Appeals, issued July 27, 2010 (Docket No. 290429) (holding that treble damages under the statutory conversion statute are permissive).[2] Moreover, whether defendant converted the wine to its own use is similarly a factual question that must be addressed by the finder of fact because common-law conversion does not necessarily require a determination regarding conversion to one's own use. See, e.g., *Dep't of Agriculture v Appletree Mktg, LLC*, 485 Mich 1, 13-14; 779 NW2d 237 (2010) (explaining that common-law conversion "consists of any distinct act of domain wrongfully exerted over another's personal property in denial of or inconsistent with the rights therein" and "may occur when a party properly in possession of property uses it in an improper way, for an improper purpose, or by delivering it without authorization to a third party") (quotation marks and citations omitted).

Next, plaintiff argues that it was entitled to attorney fees despite the fact that the trial court directed a verdict in favor of defendant on its statutory conversion claim. In particular, plaintiff maintains that attorney

---

[2] "An unpublished opinion is not precedentially binding under the rule of stare decisis." MCR 7.215(C)(1). However, unpublished opinions can be instructive or persuasive. *Paris Meadows, LLC v Kentwood*, 287 Mich App 136, 145 n 3; 783 NW2d 133 (2010).

fees are allowable for conversion claims under the common law and the UCC. Thus, plaintiff argues that the trial court abused its discretion by granting defendant's motion for reconsideration and ruling that plaintiff was not entitled to attorney fees and costs.

The relevant standards of review regarding attorney fees were recently articulated by this Court in *Brown v Home-Owners Ins Co*, 298 Mich App 678, 689-690; 828 NW2d 400 (2012):

> A trial court's decision to grant or deny a motion for attorney fees presents a mixed question of fact and law. *Univ Rehab Alliance, Inc v Farm Bureau Gen Ins Co of Mich*, 279 Mich App 691, 693, 760 NW2d 574 (2008). This Court reviews the trial court's findings of fact for clear error, and questions of law de novo. *In re Temple Marital Trust*, 278 Mich App 122, 128; 748 NW2d 265 (2008). "A finding is clearly erroneous when, although there is evidence to support it, the reviewing court on the entire record is left with a definite and firm conviction that a mistake was made." *Marilyn Froling Revocable Living Trust v Bloomfield Hills Country Club*, 283 Mich App 264, 296; 769 NW2d 234 (2009) (citation and quotation marks omitted). However, this Court reviews for an abuse of discretion a trial court's ultimate decision whether to award attorney fees. *Smith v Khouri*, 481 Mich 519, 526; 751 NW2d 472 (2008). "An abuse of discretion occurs when the trial court's decision is outside the range of reasonable and principled outcomes." *Id*.

Further, a trial court's grant or denial of a motion for reconsideration is reviewed for an abuse of discretion. *Corporan v Henton*, 282 Mich App 599, 605; 766 NW2d 903 (2009). MCR 2.119(F)(3) provides:

> Generally, and without restricting the discretion of the court, a motion for rehearing or reconsideration which merely presents the same issues ruled on by the court, either expressly or by reasonable implication, will not be granted. The moving party must demonstrate a palpable

error by which the court and the parties have been misled and show that a different disposition of the motion must result from correction of the error.

"The general American rule is that attorney fees are not ordinarily recoverable unless a statute, court rule, or common-law exception provides the contrary." *Khouri*, 481 Mich at 526 (quotation marks and citation omitted).[3]

Plaintiff first argues that *Larson*, 110 Mich App at 383-384, is applicable in this case and provides a common-law exception to the general rule that attorney fees are not recoverable. In *Larson*, the defendant argued that the trial court's award of exemplary damages approximating the amount of attorney fees was improper. *Id.* at 382-383. The trial court specifically found that the plaintiff suffered actual damages in the amount of the attorney fees he was required to pay, and awarded plaintiff exemplary damages meant to compensate him for his attorney fees. *Id.* at 382. This Court stated it was not prepared to declare that caselaw supported the "general proposition that attorney fees may be awarded as a measurable element of exemplary damages." *Id.* at 383. It noted that previous cases awarding attorney fees as exemplary damages dealt with defendants that had committed an intentional fraud or caused the party to have to prosecute or defend against a third person. *Id.* This Court went on to state that it was

not aware of any Michigan case law which would prevent this Court from ruling that attorney fees may be awarded as exemplary damages in cases such as this where the court

---

[3] We note that statutory conversion specifically provides for the award of attorney fees, MCL 600.2919a; therefore, if on remand and retrial a jury determines that defendant is liable for statutory conversion, there would be a statutory basis for a discretionary award of attorney fees.

finds that a party guilty of wrongdoing acted intentionally, requiring a less culpable defendant to defend itself in a suit arising from the same action and necessitating the plaintiff's bringing of such a suit. [*Id.* at 384.]

The *Larson* Court further stated that "the intentional tort of conversion, found here, is not unlike actions for false imprisonment and malicious prosecution, where the recovery of attorney fees has been allowed." *Id.* Therefore, this Court upheld the trial court's award of exemplary damages.

We conclude that *Larson* does not mandate reversal of the trial court's decision denying plaintiff's request for attorney fees. Unlike the facts of *Larson*, no exemplary damages were requested or awarded in this case. Further, no allegations of fraud or actions requiring a lawsuit against a third party were made by plaintiff. Thus, this case is distinguishable from *Larson*. Moreover, the *Larson* decision was issued in October 1981 and is accordingly not binding on this Court. MCR 7.215(J)(1); *In re Stillwell Trust*, 299 Mich App 289, 299 n 1; 829 NW2d 353 (2013).[4] Finally, this Court has declined to award attorney fees in actions for common-law conversion. In *Anthony v Delagrange Remodeling, Inc*, unpublished opinion per curiam of the Court of Appeals, issued March 15, 2005 (Docket No. 252644), this Court vacated an award of attorney fees upon concluding that the plaintiffs had failed to prove statutory conversion, despite concluding that the plaintiffs had proved common-law conversion. This Court noted that attorney fees could not be awarded on the basis of equitable principles and were improper without a spe-

---

[4] While cases decided before November 1, 1990 are not binding precedent pursuant to MCR 7.215(J)(1), they nevertheless can be considered persuasive authority. *In re Stillwell Trust*, 299 Mich App at 299 n 1.

cific statute, court rule, or common-law exception to support the award. *Id.* at 12.

Therefore, we conclude that the trial court correctly determined on reconsideration that *Larson* does not support an award of attorney fees in this case because no exemplary damages were awarded and no fraud or other specific misconduct necessitating another lawsuit arising from the same action was alleged. Moreover, common-law conversion on its own, without the facts present in *Larson*, does not provide a basis for the award of attorney fees.

Plaintiff next argues that *Scott v Hurd-Corrigan Moving & Storage Co, Inc*, 103 Mich App 322, 347-349; 302 NW2d 867 (1981), recognized the right to attorney fees when there was evidence of conversion in the context of the UCC. In *Scott*, the Court considered whether the question of exemplary damages, in which attorney fees could be included, should have been submitted to the jury. *Scott*, 103 Mich App at 348. This Court concluded that the trial court did not err by refusing to submit the issue of exemplary damages to the jury because there was no allegation of fraud and no evidence of malice. *Id.* Moreover, it held that because there was no "finding of proof of a wilful breach" as required to prove conversion under the UCC, no award of exemplary damages would be proper. *Id.* at 349.

We conclude that *Scott* does not mandate the award of attorney fees in this case. Again, plaintiff made no request for exemplary damages in its complaint, nor did plaintiff allege that defendant engaged in conduct such as fraud or malice that would give rise to exemplary damages. Moreover, in *Scott*, the plaintiff's complaint specifically pleaded willful breach of the bailment contract amounting to conversion under § 7-210(9) of the UCC as codified in Michigan, MCL 440.7210(9). In this

case, plaintiff's complaint did not allege conversion under the UCC specifically. Thus, the facts of *Scott* are distinguishable from this case, and they do not support reversing the trial court's determination that plaintiff is not entitled to attorney fees and costs in this case.

Affirmed in part, reversed in part, and remanded for further proceedings consistent with this opinion. We do not retain jurisdiction.

WHITBECK, P.J., and HOEKSTRA and GLEICHER, JJ., concurred.