# STATE OF MICHIGAN

# COURT OF APPEALS

MOBILETECH AUTOMOTIVE, L.L.C.,

Plaintiff/Counter-Defendant-
Appellant,

v

CRYSTAL CLEAN AUTOMOTIVE
DETAILING, L.L.C., and ROSS TIMYAN,

Defendants/Counter-Plaintiffs-
Appellees.

UNPUBLISHED
February 16, 2016

No. 324315
Kent Circuit Court
LC No. 13-005000-CK

Before: MURPHY, P.J., and WILDER and BORRELLO, JJ.

PER CURIAM.

In this case involving breach of contract, claim and delivery, unlawful forcible eviction, and conversion, plaintiff/counter-defendant Mobiletech Automotive, LLC (plaintiff), appeals as of right the trial court's October 8, 2014 judgment awarding plaintiff $248.39 in damages, $589.31 in costs, and denying plaintiff's request for attorney fees. The court entered the judgment regarding damages after it entered a default judgment regarding liability as to defendants/counter-plaintiffs Crystal Clean Automotive Detailing, L.L.C., and Ross Timyan, one of Crystal Clean's owners (defendants). For the reasons set forth in this opinion, we affirm.

## I. FACTS

In October 2012, defendants leased to plaintiff the rear portion of the building that housed defendants' operations. During May 2013, a person used a key to access the work space and stole a vehicle. On May 30, 2013, defendants changed the locks to the rental space. In the early afternoon that same day, Timyan and several other of Crystal Clean's associates met with Matthew Wiersma, plaintiff's sole principle and owner, to explain that the locks were being changed. Wiersma, however, did not receive new keys for the rental space on May 30, 2013.

On May 31, 2013, plaintiff commenced this action, alleging that it satisfied its rent payment in May 2013, but alleged that defendants nevertheless forcibly evicted it on May 30, 2013 by changing the locks to the rental space. Plaintiff alleged claims of breach of contract, claim and delivery, unlawful forcible eviction, and conversion. Plaintiff alleged that it suffered damages because of defendants' action, including lost profits. By the end of the day on May 31,

-1-

2013, plaintiff's attorney obtained a temporary restraining order (TRO) against defendants and Wiersma received a key to the rental space.

After defendants failed to appear for a settlement conference, the trial court entered a default judgment in plaintiff's favor concerning liability. The court then scheduled a bench trial to determine damages and attorney fees.

Before the bench trial, plaintiff submitted a trial brief requesting $96.77 in damages for denial of access to the rental space, $5,116.76 for lost profits accruing from the denial of access to the rental space, and $5,116.76 for lost profits related to its claim and delivery claim. Plaintiff argued that it was entitled to treble the damages for lost profits related to its conversion claim and requested attorney fees in the amount of $21,387.

Testimony at the bench trial established that Wiersma had access to the rental space on May 31, 2013, because the garage door to the area was open and remained open all day. Two witnesses testified that after Wiersma left the rental space on May 30, 2013, he did not return until June 1, 2013.

With respect to damages, John Burns testified that on May 28, 2013, he reached an agreement with plaintiff for the restoration of a truck that Burns personally owned and for detail work on a Mercedes wagon owned by his employer, the Grand Rapids Auto Gallery. Burns intended to deliver his truck and the Mercedes to plaintiff on May 31, 2013. However, Burns testified that before May 31, 2013, he learned from plaintiff that the projects could not be completed because the company had been "kicked out" of the rental space. Burns initially testified that he decided to scrap the projects with plaintiff because there were potential buyers interested in both vehicles. However, Burns thereafter acknowledged that it would have taken plaintiff days, or even weeks, to complete the work. Burns acknowledged that if Wiersma had contacted him and told him that he could have started work on the projects on June 1, 2013, he would have agreed to have plaintiff begin the work on the truck and Mercedes.

Regarding attorney fees, the trial court admitted a bill from plaintiff's trial attorney, James Crocker that reflected over $24,000 in fees. Crocker testified that he provided plaintiff a monthly bill for legal services rendered, but acknowledged that plaintiff had not paid him any attorney fees. Wiersma died on November 25, 2013. Because of Wiersma's death, plaintiff was no longer conducting business at the time of the trial.

The trial court entered an opinion and order finding that plaintiff was entitled to $48.39 in damages for breach of contract, $200 in damages for the eviction, and $589.31 in costs. However, the trial court did not award plaintiff damages for lost profits and it did not grant plaintiff attorney fees for statutory conversion. This appeal ensued.

## II. ANALYSIS

On appeal, plaintiff initially argues that the trial court abused its discretion when it refused to award plaintiff damages for lost profits because of work lost. "We review a trial court's determination of damages after a bench trial for clear error." *Chelsea Investment Group LLC v Chelsea*, 288 Mich App 239, 255; 792 NW2d 781 (2010). "A finding is clearly erroneous

if there is no evidentiary support for it or if this Court is left with a definite and firm conviction that a mistake has been made." *Id*. at 251.

Damages for lost profits may be awarded in cases where there is a meritorious conversion or breach of contract claim. *Lawrence v Will Darrah & Assoc, Inc*, 445 Mich 1, 13; 516 NW2d 43 (1994); *Central Transp, Inc v Fruehauf Corp*, 139 Mich App 536, 546; 362 NW2d 823 (1984). "A party asserting a claim has the burden of proving its damages with reasonable certainty. Although damages based on speculation or conjecture are not recoverable, damages are not speculative merely because they cannot be ascertained with mathematical precision." *Unibar Maintenance Servs, Inc v Saigh*, 283 Mich App 609, 634; 769 NW2d 911 (2009) (quotation marks and citation omitted). "The type of uncertainty which will bar recovery of damages is uncertainty as to the fact of the damage and not as to its amount . . . [since] where it is certain that damage has resulted, mere uncertainty as to the amount will not preclude the right of recovery." *Bonelli v Volkswagen of America, Inc*, 166 Mich App 483, 511; 421 NW2d 213 (1988) (quotation marks and citation omitted).

Here, regarding lost profits, Burns testified that he made an agreement with plaintiff for plaintiff to perform work on two vehicles for approximately $3,800. Burns testified that he intended to deliver the vehicles to plaintiff on May 31, 2013. Burns testified that before May 31, 2013, he learned from plaintiff that the projects could not be completed because plaintiff was "kicked out" of the rental space. Burns initially testified that he decided to cancel the projects for the two vehicles because he needed the work done quickly because there were potential buyers for those vehicles. However, Burns subsequently acknowledged that he did not restore his truck and that he eventually sold the truck in its unrestored state. In addition, no detail work was performed on the Mercedes wagon. On cross-examination, Burns acknowledged that the restoration work on the truck and the detail work on the wagon would have taken plaintiff days to weeks to complete and that those projects could not have been completed on May 31, 2013. Burns also testified that if Wiersma had contacted him and told him that he could have begun the work on June 1, 2013, he would have agreed to have plaintiff begin the work on the truck and wagon on June 1, 2013. Furthermore, on May 31, 2013, the garage door to the rental space was opened and remained open all day. For that reason, Wiersma had access to the rental space on May 31, 2013, but no one saw him at work that day.

The trial court refused to find that plaintiff lost $3,800 in profits because it was barred from the rental space on May 31, 2014. The trial court first determined that Burns' initial testimony that he decided to cancel the projects for the two vehicles because plaintiff was barred from the rental space on May 31, 2013, lacked credibility in the context of the remainder of his testimony regarding his relaxed timelines for those projects. "Because this case was heard as a bench trial, the court was obligated to determine the weight and credibility of the evidence presented." *Wright v Wright*, 279 Mich App 291, 299; 761 NW2d 443 (2008). "An appellate court will give deference to the trial court's superior ability to judge the credibility of the witnesses who appeared before it." *Ambs v Kalamazoo Co Rd Comm*, 255 Mich App 637, 652; 662 NW2d 424 (2003) (quotation marks and citation omitted). Additionally, the trial court found that Wiersma failed to appear for work at the rental space on May 31, 2013, and that Wiersma's absence was the actual cause of plaintiff's loss of Burns' projects. These findings were not clearly erroneous. *Chelsea Investment Group LLC*, 288 Mich App at 251, 255.

Next, plaintiff argues that the trial court abused its discretion in refusing to grant plaintiff attorney fees for its statutory conversion claim under MCL 600.2919a. "This Court reviews for an abuse of discretion a trial court's ultimate decision whether to award attorney fees." *Brown v Home-Owners Ins Co*, 298 Mich App 678, 689-690; 828 NW2d 400 (2012). "An abuse of discretion occurs when the trial court's decision is outside the range of reasonable and principled outcomes." *Id*.

"The general American rule is that attorney fees are not ordinarily recoverable unless a statute, court rule, or common-law exception provides the contrary." *Smith v Khouri*, 481 Mich 519, 526; 751 NW2d 472 (2008) (quotation marks and citation omitted). Here, plaintiff argues that it was entitled to attorney fees under Michigan's statutory conversion statute, MCL 600.2919a, which provides:

> (1) A person *damaged* as a result of either or both of the following *may recover* 3 times the amount of actual damages sustained, plus costs and *reasonable attorney fees*:

> (a) Another person's stealing or embezzling property or converting property to the other person's own use.

> (b) Another person's buying, receiving, possessing, concealing, or aiding in the concealment of stolen, embezzled, or converted property when the person buying, receiving, possessing, concealing, or aiding in the concealment of stolen, embezzled, or converted property knew that the property was stolen, embezzled, or converted.

> (2) The remedy provided by this section is in addition to any other right or remedy the person may have at law or otherwise. [Emphasis added.]

A trial court has discretion to award attorney fees under MCL 600.2919a. *Aroma Wines & Equip, Inc v Columbian Distrib Servs, Inc*, 303 Mich App 441, 449; 844 NW2d 727 (2013), aff'd 497 Mich 337 (2015).

Here, the trial court did not grant plaintiff attorney fees under MCL 600.2919a(1) because it found that defendants' conversion in this case was "innocuous" and because awarding attorney fees would impermissibly go beyond making plaintiff whole due to the fact that plaintiff's attorney continued to provide legal services to plaintiff despite plaintiff's continued failure to pay attorney fees and Wiersma's death. As discussed above, the trial court did not clearly err in finding that defendants' conversion did not result in lost profits. Plaintiff was awarded damages only for breach of contract and for its one-day eviction from the rental space. Because there was no finding of damages pursuant to MCL 600.2919a(1), plaintiff was not entitled to attorney fees pursuant to the plain language of that statute. Thus, although we disagree with the trial court's characterization of plaintiff's attorney providing "pro bono services," the trial court did not abuse its discretion in refusing to award plaintiff attorney fees pursuant to MCL 600.2919a(1) where plaintiff was not damaged as a result of statutory conversion. *Brown*, 298 Mich App at 689-690.

Affirmed.  Defendants having prevailed in full, may tax costs.  MCR 7.219(A).

/s/ William B. Murphy
/s/ Kurtis T. Wilder
/s/ Stephen L. Borrello