*If this opinion indicates that it is "FOR PUBLICATION," it is subject to
revision until final publication in the Michigan Appeals Reports.*

# STATE OF MICHIGAN

# COURT OF APPEALS

WELLS FARGO BANK NA,

        Plaintiff/Counterdefendant-Appellee,

v

VICKY RICHTER ENTERPRISES, doing business
as GUIDO'S PREMIUM PIZZA, INC., and STEVE
POLLARD,

        Defendants/Counterplaintiffs-
        Appellants.

UNPUBLISHED
July 23, 2020

No. 348033
Ingham Circuit Court
LC No. 17-000547-CB

Before: RIORDAN, P.J., and SHAPIRO and RONAYNE KRAUSE, JJ.

PER CURIAM.

Defendants appeal by right a judgment in favor of plaintiff in the amount of $148,818.26. Defendants also challenge the circuit court's previous orders granting plaintiff's motion for summary disposition and refusing to allow defendants to amend their complaint to allege a violation of MCL 600.2918(1). We affirm.

## I. FACTS & PROCEDURAL HISTORY

In July 2015, plaintiff became the landlord of commercial property leased by defendants for their pizza restaurant. At that time, defendants owed $22,225.89 in past due rent to the previous landlord, and the parties entered into a new agreement under which defendants agreed to pay $1,883.43 monthly to cover rent, net charges, and installments to pay off the arrearages. Due to defendants' history of failing to make timely rent payments, collateral was necessary. The lease granted plaintiff a security interest in all current and subsequent personal property and trade fixtures located on the leased premises to secure all past, current, and future rent. The security interest was perfected on February 16, 2017.

Defendants failed to make full payments on time, and four checks were rejected for nonsufficient funds. Defendants posted a listing on Craigslist offering the restaurant equipment for sale. The owner of a local barbeque business responded to the advertisement and initially agreed to pay $40,000 for the equipment, but ultimately backed out of the deal on advice from his

attorney because he did not want to assume the unpaid arrearages still attached to the lease, among other red flags. Defendants informed plaintiff that they were still negotiating a deal to sell the business and relisted the advertisement on Craigslist. Plaintiff's property manager attempted to contact defendants with no response, and he went to the restaurant to find it closed during regular business hours. The property manager returned multiple times a day over the next two days, December 13 and 14, but no one was there. Plaintiff's attorney advised the property manager to secure the assets in case defendants returned to attempt to sell them, and plaintiff's property manager changed the locks on the business. The next day, defendants' counsel sent an e-mail to plaintiff explaining that defendants were no longer selling pizzas, but were still located at the business. Plaintiff arranged for the trade fixtures and equipment to be sold at auction for a total of $3,965, all of which was used to repay city and state tax liens.

Plaintiff filed a complaint in the district court to recover possession of property and alleged breach of contract and breach of guaranty. Defendants filed a countercomplaint alleging wrongful inference with defendants' possession of the property by lockout, common-law and statutory conversion, and interference with a business relationship. The district court held a bench trial on the issue of whether plaintiff was reasonable in changing the locks on the restaurant. The district court concluded that plaintiff had violated MCL 600.2918 because it did not establish that it had a good-faith belief that defendants abandoned the premises, but instead changed the locks to prevent defendants' return to sell the equipment. The parties subsequently stipulated to remove the remaining claims to Ingham County Circuit Court and amended their complaints.

On the day that discovery was due, defendants filed a motion to make a second amendment to their complaint to include a claim for damages under the anti-lockout statute, MCL 600.2918. The court granted defendants' motion in part and denied it in part, allowing defendants to amend their complaint to assert damages under subsection (2), but not subsection (1) of the statute. The circuit court noted that the district court's decision was clearly rendered under subsection (2) and that subsection (1) was not applicable in this case.

The circuit court granted plaintiff's motion for summary disposition. The circuit court concluded that defendants committed the first material breach by failing to pay rent, plaintiff was not liable for conversion because it had a perfected security interest in the property, defendants suffered no damages from the lockout because they did not have a superior interest in the property, and plaintiff did not interfere with defendants' business relationship with the barbeque restaurant because the deal had already fallen through. The circuit court dismissed defendants' counterclaims with prejudice and entered a judgment against defendants for breach of lease, breach of guaranty, and attorney fees. Defendants now appeal.

## II. ANALYSIS

### A. SUMMARY DISPOSITION

Defendants first argue that the circuit court erred by granting plaintiff's motion for summary disposition because plaintiff committed the first material breach, was liable for conversion, and breached the peace by changing the locks on defendants' business. We disagree.

-2-

We review de novo a trial court's decision regarding a motion for summary disposition. *Johnson v Recca*, 492 Mich 169, 173; 821 NW2d 520 (2012). We review defendants' unpreserved claim that plaintiffs breached the peace for plain error affecting substantial rights. *Total Armored Car Serv, Inc v Dep't of Treasury*, 325 Mich App 403, 412; 926 NW2d 276 (2018).

## 1. FIRST MATERIAL BREACH

Defendants first argue that plaintiff committed the first material breach. "[O]ne who first breaches a contract cannot maintain an action against the other contracting party for his subsequent breach or failure to perform" if the first breach was substantial. *Able Demolition v Pontiac*, 275 Mich App 577, 585; 739 NW2d 696 (2007). Defendants defaulted on the terms of the lease before plaintiff changed the locks on the restaurant. Defendants assert that the failure to pay rent was not a substantial breach until the landlord filed a complaint in district court and attempted to enforce the terms of the lease through the court, but defendants offer no authority to support this claim and have abandoned this issue. *Cheesman v Williams*, 311 Mich App 147, 161; 874 NW2d 385 (2015) (an appellant may not merely announce a position then leave it to this Court to discover and rationalize the basis for the appellant's claims; nor may an appellant give an issue only cursory treatment with little or no citation of authority); *Woods v SLB Prop Mgt, LLC*, 277 Mich App 622, 627; 750 NW2d 228 (2008) (failure to properly address the merits of an assertion of error constitutes abandonment of the issue).

## 2. CONVERSION

Defendants next argue that the circuit court erred by concluding that plaintiff was not liable for conversion because it had a secured interest in the allegedly converted property. We disagree.

"Conversion, both at common law and under the statute, is defined as any distinct act of domain wrongfully exerted over another's personal property in denial of or inconsistent with the rights therein." *Aroma Wines & Equip, Inc, v Columbian Distrib Servs, Inc*, 303 Mich App 441, 447; 844 NW2d 727 (2013) (quotation marks and citation omitted). Generally, creditors are not liable for converting property over which they have a superior property interest. See *Thoma v Tracy Motor Sales, Inc*, 360 Mich 434, 438-439; 104 NW2d 360 (1960) (holding that a mechanic did not convert a car by selling it because he exercised his statutory right to recover the value of an unpaid mechanics' lien); *Rohe Scientific Corp v Nat'l Bank of Detroit*, 133 Mich App 462, 468; 350 NW2d 280 (1984), mod on other grounds on reh 135 Mich App 777 (1984) ("If defendant's right to possession was greater than that of plaintiff's, plaintiff could not maintain an action for conversion."); *Attorney General v Hermes*, 127 Mich App 777, 786; 339 NW2d 545 (1983) (explaining that a plaintiff with "less than a complete interest" in property could maintain an action for conversion because the plaintiff had a "far superior interest than that enjoyed by defendants").

Further, MCL 440.9609 explicitly allows secured creditors to engage in self-help:

> (1) After default, a secured party may do 1 or more of the following:

> (a) Take possession of the collateral.

(b) Without removal, render equipment unusable and dispose of collateral on a debtor's premises under section 9610.

(2) A secured party may proceed under subsection (1) either pursuant to judicial process, or without judicial process if it proceeds without breach of the peace.

MCL 600.2918 does not contain any language that negates a secured creditor's possessory right in collateral. Thus, plaintiff maintained its security interest in all the trade fixtures and personal property inside, and the circuit court did not err by concluding that plaintiff was not liable for conversion as plaintiff did not wrongfully exert dominion and control over defendants' property.

## 3. BREACH OF THE PEACE

Defendants next argue that because the statute was designed to prevent violence, any violation of the statute is necessarily a breach of the peace. We disagree.

MCL 600.2918(1)-(2) states:

(1) Any person who is ejected or put out of any lands or tenements in a forcible and unlawful manner, or being out is afterwards held and kept out, by force, is entitled to recover 3 times the amount of his or her actual damages or $200.00, whichever is greater, in addition to recovering possession.

(2) Any tenant in possession of premises whose possessory interest has been unlawfully interfered with by the owner is entitled to recover the amount of his or her actual damages or $200.00, whichever is greater, for each occurrence and, if possession has been lost, to recover possession. Subject to subsection (3), unlawful interference with a possessory interest includes 1 or more of the following:

(a) Use of force or threat of force.

(b) Removal, retention, or destruction of personal property of the possessor.

(c) Changing, altering, or adding to the locks or other security devices on the property without immediately providing keys or other unlocking devices to the person in possession.

Thus, MCL 600.2918(1) and MCL 600.2918(2) provide specifically for situations in which a landlord attempts to enforce its right by force or threat of force. "In reviewing the statute's language, every word should be given meaning, and we should avoid a construction that would render any part of the statute surplusage or nugatory." *Bageris v Brandon Twp*, 264 Mich App 156, 162; 691 NW2d 459 (2004) (quotation marks and citation omitted). Therefore, we reject defendants' interpretation, as it would render nugatory those provisions which specifically provide for instances involving a landlord's use of force or threat of force.

## B. MOTION TO AMEND

Defendants next argue that the circuit court abused its discretion by refusing to allow defendants to amend their complaint to include a claim for damages under MCL 600.2918(1). We disagree.

We review for abuse of discretion a circuit court's denial of a motion to amend pleadings. *Frank W Lynch & Co v Flex Technologies, Inc*, 463 Mich 578, 583; 624 NW2d 180 (2001). An abuse of discretion occurs when the trial court's decision falls outside the range of reasonable and principled outcomes. *Maldonado v Ford Motor Co*, 476 Mich 372, 388; 719 NW2d 809 (2006).

The circuit court denied defendants' motion to amend their complaint to include a claim for damages pursuant to MCL 600.2918(1), but allowed the amended complaint to include a claim for damages pursuant to MCL 600.2918(2). Defendants argue that the circuit court's limitation to the amended complaint was decided for "no discernable reason." However, during the hearing regarding the motion to amend, defendants agreed that the district court found the lockout only under subsection (2), and the circuit court fully explained that its decision was based on the district court's order. Thus, defendants waived this argument. *Lewis v LeGrow*, 258 Mich App 175, 210; 670 NW2d 675 (2003) (error requiring reversal may not be predicated upon alleged error to which the aggrieved party contributed by plan or negligence).

## III. CONCLUSION

The circuit court did not commit error requiring reversal when it granted plaintiff's motion for summary disposition. Defendants waived their argument that the circuit court abused its discretion when it denied defendants' motion to amend the complaint. Accordingly, we affirm.

/s/ Michael J. Riordan
/s/ Amy Ronayne Krause