# Court of Appeals, State of Michigan

## ORDER

ADVISACARE HEALTHCARE SOLUTIONS INC V AUTO
OWNERS INSURANCE CO

Docket No.    366353; 366546

LC No.    18-004210-NF

Brock A. Swartzle
Presiding Judge

Kirsten Frank Kelly

Christopher M. Murray
Judges

 

The motion for reconsideration is GRANTED, and this Court's opinion issued February 11, 2025, is hereby VACATED.  A new opinion is attached to this order.



_____
Presiding Judge

A true copy entered and certified by Jerome W. Zimmer Jr., Chief Clerk, on

_____
April 10, 2025
Date

_____
Chief Clerk

*If this opinion indicates that it is "FOR PUBLICATION," it is subject to revision until final publication in the Michigan Appeals Reports.*

# STATE OF MICHIGAN

# COURT OF APPEALS

ADVISACARE HEALTHCARE SOLUTIONS, INC, doing business as ADVISACARE,

    Plaintiff-Appellee,

v

AUTO OWNERS INSURANCE COMPANY,

    Defendant,

and

HOME-OWNERS INSURANCE COMPANY,

    Defendant-Appellant.

UNPUBLISHED
April 10, 2025
12:46 PM

Nos. 366353; 366546
Kent Circuit Court
LC No. 18-004210-NF

ON RECONSIDERATION

Before: SWARTZLE, P.J., and K. F. KELLY and MURRAY, JJ.

PER CURIAM.

This consolidated appeal arises from a third-party action brought under Michigan's no-fault insurance act, MCL 500.3101 *et seq.* Plaintiff, AdvisaCare Healthcare Solutions, Inc., doing business as AdvisaCare, sought payment of personal protection insurance (PIP) benefits for attendant care services provided to Carol Schulz and Sandra Schulz after they were injured in a motor vehicle accident. After a two-day trial, the jury awarded AdvisaCare $149,196.83 in allowable expenses and $101,528.27 in penalty interest, for a total award of $250,725.10. In Docket No. 366546, defendant, Home-Owners Insurance Company, appeals by delayed leave granted the judgment entered following the jury's verdict. In Docket No. 366353, Home-Owners appeals of right the trial court's order granting AdvisaCare's motion for attorney fees and costs under MCR 2.405 and MCL 500.3148. For the reasons stated herein, we reverse the trial court's denial of a directed verdict and remand to the trial court for entry of an order granting defendant's motion.

# I. RELEVANT FACTS AND PROCEEDINGS

In November 2016, Carol and Sandra were injured in an automobile accident when a truck broadsided the driver's side of their car. Home-Owners was the Schulzes' no-fault insurer. Carol suffered a traumatic brain injury (TBI) and serious orthopedic injuries, for which she spent approximately three weeks in the hospital before continuing her recovery at home with the help of physical therapy, occupational therapy, and attendant care services. Sandra suffered a TBI and a torn meniscus, for which she was hospitalized for a few days. At the time of her discharge and afterward, Sandra presented impairments in her balance, cognition, judgment, and gait, and she frequently experienced debilitating headaches. The Schulzes' primary physician believed that Sandra needed around-the-clock attendant care services, and she referred Sandra to Dr. Aashish Deshpande, a specialist in brain injury. Dr. Deshpande diagnosed Sandra with postconcussive syndrome and TBI, and prescribed around-the-clock attendant care services for her. AdvisaCare provided attendant care services for both women. As the frequency and intensity of Sandra's headaches decreased, and she was able to engage in activities with less dizziness and fewer problems with coordination and balance, Dr. Deshpande reduced the prescription for attendant care to 16-hours a day (May 2017), then to 12-hours a day (June 2017), 8-hours a day (July 2017), and 4-hours a day (September 2017). Home-Owners paid benefits for the attendant care that AdvisaCare provided Carol through April 2017, but it did not pay any of AdvisaCare's bills for Sandra's attendant care. In a coverage letter dated October 25, 2017, Home-Owners informed Sandra that it was not responsible for paying any of her attendant care bills.

In November 2017, Carol and Sandra filed a declaratory action against Home-Owners in Ottawa Circuit Court, asking the trial court to declare that Home-Owners was liable for accrued and accruing medical benefits, wage loss, replacement services, and rehabilitation and vocational training expenses in accordance with the terms of the insurance policy that defendant issued to Carol and Sandra.

Several months later AdvisaCare filed a complaint against Auto-Owners in Kent Circuit Court seeking payment for the care, treatment, attendant care services, and supplies that AdvisaCare provided to Carol and Sandra, along with penalty interest, attorney fees, and prejudgment interest. Attached to AdvisaCare's complaint was an assignment of past no-fault benefits executed by Sandra in favor of AdvisaCare. Carol's assignment was not attached to the complaint; it was executed the day after AdvisaCare filed its complaint and first submitted nearly five years later, after trial. The Ottawa case was then transferred to Kent Circuit Court, where the cases were consolidated.

AdvisaCare eventually realized that it sued the wrong insurer and moved in April 2019 to substitute Home-Owners for Auto-Owners. Both Home-Owners and Auto-Owners opposed the motion on the basis that they were separate corporate and legal entities, that Home-Owners was not a mere instrument of Auto-Owners, and there was no evidence of fraud or wrongdoing. Auto-Owners asserted that its earlier admission that it was the insurer had been inadvertent, and that had AdvisaCare exercised due diligence it would have discovered that Home-Owners was the Schulzes' no-fault insurer. The trial court granted AdvisaCare's motion. Subsequently, Home-Owners answered AdvisaCare's complaint, denying, among other things, that the Schulzes had executed valid assignments in favor of AdvisaCare and that it was obligated to pay the requested benefits.

-2-

The case proceeded to trial, though the testimonies at trial are of little relevance to the issues on appeal. After the conclusion of testimony, Home-Owners moved for a directed verdict on the basis that AdvisaCare lacked standing and that the one-year-back rule completely barred its recovery. As to standing, Home-Owners argued that AdvisaCare did not have a direct cause of action when it filed its original complaint in May 2018, and that AdvisaCare had not presented any evidence at trial indicating that it possessed valid assignments from the Schulzes. The trial court rejected Home-Owners' argument. The court opined that AdvisaCare had a cause of action in its own right, and that AdvisaCare's attachment of Sandra's assignment to its complaint put Home-Owners on notice that assignments had been sought and provided.

As to the one-year-back rule, Home-Owners noted that the starting point date for calculating one year back was the date on which a claimant's action for PIP benefits was commenced. Home-Owners contended that it was a new party to AdvisaCare's case and that the case did not relate back to the original pleading. Therefore, one year back should be calculated from May 3, 2019, the date that the trial court added Home-Owners to the case, and AdvisaCare was barred from recovering PIP benefits for services rendered before May 3, 2018. Because AdvisaCare's controller testified that AdvisaCare had last provided attendant care services in October 2017, AdvisaCare's entire claim was barred. The trial court rejected this argument, ruling that the order amending AdvisaCare's pleading had substituted, not added, Home-Owners in place of Auto-Owners, and that Home-Owners was not unfairly surprised or unfairly treated as a result of the substitution.

After the jury's verdict, Home-Owners argued in post-trial motions for a new trial, amendment of the judgment, or relief from the judgment that the trial court erred by not granting Home-Owners' motion for a directed verdict, reiterating its arguments from its motion for a directed verdict. Home-Owners argued that it was entitled to amendment of the judgment under MCR 2.611(A)(1)(e) because the verdict in favor of AdvisaCare was against the great weight of the evidence or contrary to law. The trial court denied it in its entirety.

AdvisaCare sought attorney fees and costs under MCR 2.405 (offer-of-judgment sanction) and MCL 500.3148(1) (unreasonable delay or refusal of no-fault benefits), which the trial court granted under both provisions. As to MCL 500.3148(1), the trial court found that Home-Owners had unreasonably delayed or refused to pay attendant care services for Carol, but it found that Home-Owners' delay or refusal to pay with respect to Sandra was reasonable under the circumstances.

## II. ANALYSIS

Home-Owners argues that the trial court erred by denying its motion for a directed verdict. We review de novo a trial court's decision on a motion for a directed verdict. *Aroma Wines & Equip, Inc v Columbian Distrib Servs, Inc*, 303 Mich App 441, 446; 844 NW2d 727 (2013). "A motion for a directed verdict challenges the sufficiency of the evidence." *Barnes v 21st Century Premier Ins Co*, 334 Mich App 531, 550; 965 NW2d 121 (2020). We must consider the evidence and all reasonable inferences in the light most favorable to the nonmoving party. *Aroma Wines & Equip*, 303 Mich App at 446. "A directed verdict is only appropriate when, viewing the evidence in the light most favorable to the nonmoving party, the moving party is entitled to judgment as a matter of law." *Barnes*, 334 Mich App at 550 (quotation marks and citation omitted). "Whether

-3-

the relation-back doctrine is applicable is a question of law that this Court reviews de novo." *Local Emergency Fin Assistance Loan Bd v Blackwell*, 299 Mich App 727, 740-741; 832 NW2d 401 (2013). When properly preserved, we review de novo the legal question whether a party has standing. *In re Knight*, 333 Mich App 681, 686-687; 963 NW2d 676 (2020).

Home-Owners first asserts that the trial court erred by denying its motion for a directed verdict because the relation-back doctrine did not apply to Home-Owners' May 3, 2019 substitution for Auto-Owners and, therefore, AdvisaCare could not recover PIP benefits for attendant care services rendered to Carol and Sandra before May 3, 2018. Because AdvisaCare's last services were rendered before May 3, 2018, Home-Owners argues that AdvisaCare's entire recovery was barred by the one-year-back rule.

Home-Owners is correct that its substitution for Auto-Owners did not relate back to May 11, 2018, the date that AdvisaCare filed its complaint against Auto-Owners. "An amendment that adds a claim or a defense relates back to the date of the original pleading if the claim or defense asserted in the amended pleading arose out of the conduct, transaction, or occurrence set forth, or attempted to be set forth, in the original pleading." MCR 2.118(D). However, an amendment that adds a new party does not relate back to the original pleading. *Miller v Chapman Contracting*, 477 Mich 102, 106-108; 730 NW2d 462 (2007). Although Home-Owners and Auto-Owners have the same parent company, are in the same general business, and share the same resident agent, licensing address, and attorney, they are different corporate entities. Absent an abuse of corporate form, and AdvisaCare has alleged none, the separate corporate identities must be respected. See *Seasword v Hilti, Inc*, 449 Mich 542, 547-548; 537 NW2d 221 (1995). Thus, the substitution of Home-Owners added a "wholly new and different party" to the case, and the relation-back doctrine did not apply.

Under MCL 500.3145(2), a claimant for PIP benefits "may not recover benefits for any portion of the loss incurred more than 1 year before the date on which the action was commenced."[1] Because Home-Owners' substitution on May 3, 2019, did not relate back to when AdvisaCare commenced the action, and was well over a year after AdvisaCare last rendered attendant care services to Carol or Sandra in October 2017, the one-year-back rule barred AdvisaCare's recovery.

Accordingly, we reverse the trial court's denial of Home-Owners' motion for a directed verdict on this basis, and remand for further proceedings consistent with this opinion.[2] We do not retain jurisdiction.

/s/ Brock A. Swartzle
/s/ Kirsten Frank Kelly
/s/ Christopher M. Murray

---

[1] Although the no-fault act was substantially amended by 2019 PA 21, effective June 11, 2019, the amendments to the one-year-back rule are not relevant to the instant case.

[2] Because we reverse on this basis, we need not address Home-Owners' remaining standing and great weight of the evidence arguments in Docket No. 366546 or attorney fee arguments in Docket No. 366353.