In re Nabil **HAMAMA**, Debtor.

Rosemary **MASTERS**, Plaintiff,

v.

Nabil **HAMAMA**, Defendant.

Bankruptcy No. 94–46504–R.
Adv. No. 94–4739–R.

United States Bankruptcy Court,
E.D. Michigan,
Southern Division.

June 14, 1995.

Neil Strefling, Madison Heights, MI, for plaintiff.

Gerald Soborowski, Westland, MI, for defendant.

## SUPPLEMENTAL OPINION

STEVEN W. RHODES, Chief Judge.

At a trial held on April 19, 1995, the Court found the defendant liable to the plaintiff for unpaid wages of $280.25 and for conversion of $3,050 from the plaintiff's bank account. The Court found these debts to be nondischargeable under § 523(a)(6). The plaintiff now requests double damages on the wage claim, treble damages on the conversion claim, and attorney fees in the amount of $4,500. Following oral argument, the Court held that the plaintiff was entitled to double damages on the wage claim and treble damages on the conversion claim. However, the request for attorney fees was denied. This opinion supplements an opinion given in open court on May 30, 1995.

■ Michigan law requires an employer to immediately pay to an employee who has been discharged from employment all wages earned and due, as soon as the amount can be determined. Mich.Comp.Laws Ann. § 408.475 (West 1995). For purposes of this section, an "employer" includes an individual acting either directly or indirectly in the interest of an employer. Mich.Comp.Laws Ann. § 408.471 (West 1995). While Hamama contends that it was his wife, not himself, who was the employer, Hamama was acting on behalf of his wife when he violated the statute by failing to pay Masters her final paycheck in the amount of $280.25. The statute further provides that the court may allow as exemplary damages an amount not more than twice the amount of the wage claim if the violation is flagrant or repeated. Mich.Comp.Laws Ann. § 408.488 (West 1995). Hamama testified that he intentionally withheld the wages because Masters owed him money. However, absent a written agreement, an employer may not withhold wages. Mich.Comp.Laws Ann. § 408.477 (West 1995). Because the withholding of wages was intentional and not pursuant to any agreement, the Court will award double damages on the $280.25 wage claim, or $560.50.

■ Pursuant to Mich.Comp.Laws Ann. § 600.2919(a), an individual who suffers damages as a result of a conversion may recover 3 times the amount of actual damages sustained, plus costs and reasonable attorney fees. The Court found that Hamama improperly withdrew a total of $4,700 from Masters' bank account. The Court further found that Hamama repaid $1,650. Thus, Masters suffered damages of $3,050. The Court will allow Masters to recover 3 times that amount, or $9,150.

■ While attorney fees are permitted for both the wage claim and the conversion claim, no evidence has been presented to substantiate the attorney fees requested. Accordingly, the request for attorney fees in the amount of $4,500 is denied.

■ The Court previously found that the liability of Hamama to Masters for the wage claim and conversion is nondischargeable under § 523(a)(6). Generally, all liabilities resulting from the willful and malicious act are non-dischargeable. *Coen v. Zick,* 458 F.2d 326, 329 (9th Cir.1972) ("The statutory exception which measures non-dischargeability is 'for liabilities ... for willful or malicious injuries to the person or property of another ... [now contained in § 523(a)(6) ].' The exception is measured by the nature of the act, i.e., whether it was one which caused

willful and malicious injuries. All liabilities resulting therefrom are non-dischargeable."); *Stokes v. Ferris,* 150 B.R. 388, 393 (W.D.Tex. 1992) (under § 523(a)(6), all debts, including statutory damages, which flow from the debtor's willful and malicious conduct are nondischargeable). Accordingly, the double damages awarded on the wage claim and the treble damages awarded on the conversion claim are nondischargeable.

For the foregoing reasons, the plaintiff is entitled to a judgment in the amount of $9,710.50, nondischargeable under 11 U.S.C. § 523(a)(6).