ALKEN-ZIEGLER, INC v HAGUE

Docket No. 282065. Submitted March 3, 2009, at Lansing. Decided March 31, 2009, at 9:00 a.m.

Alken-Ziegler, Inc., brought an action in the Kalkaska Circuit Court against Larry K. Hague, alleging that the defendant embezzled and converted $38,030.63 of the plaintiff's property. The plaintiff sought statutory damages under MCL 600.2919a, which permits the recovery of treble damages for embezzlement and conversion claims. The court, Dennis F. Murphy, J., granted the plaintiff's motion for summary disposition and entered a judgment of $114,091.90, with statutory interest, costs, and reasonable attorney fees to be determined later. During a hearing on the plaintiff's subsequent motion for the taxation of costs and reasonable attorney fees, the defendant argued that because the plaintiff's insurer had reimbursed the plaintiff for all but $5,000 of the $38,030.63 embezzled, the plaintiff only sustained actual damages of $5,000, which when trebled should result in a judgment for $15,000. The court agreed with the defendant and modified the judgment, reducing the amount awarded to $15,000, plus attorney fees and costs. The plaintiff's delayed application for leave to appeal was granted.

The Court of Appeals *held*:

The term "actual damages" in MCL 600.2919a means the actual loss a complainant suffered as a result of a defendant's criminal conduct. The actual loss that the plaintiff suffered as a result of the defendant's embezzlement is $38,030.63. The definition of "actual damages" does not contemplate the victim's receipt of insurance proceeds in determining actual damages. Once inflicted and created, actual damages do not change simply because an insurer has a contractual obligation to compensate the victim in whole or in part. The order modifying the original judgment must be vacated and the case must be remanded to the trial court to reinstate the original judgment of $114,091.90.

Order vacated and case remanded.

EMBEZZLEMENT — CONVERSION — DAMAGES — WORDS AND PHRASES — ACTUAL DAMAGES.

The term "actual damages" in the statute that allows a victim of the criminal theft, embezzlement, or conversion of property to recover three times the amount of actual damages sustained means the actual loss the victim suffered as a result of the defendant's criminal conduct; once inflicted and created, the amount of actual damages does not change simply because an insurer has a contractual obligation to compensate the victim in whole or in part for the actual loss (MCL 600.2919a).

*Conklin Benham, P.C.* (by *Martin L. Critchell*), for the plaintiff.

Before: MURPHY, P.J., and FITZGERALD and MARKEY, JJ.

PER CURIAM. We granted plaintiff's delayed application for leave to appeal the June 5, 2007, order modifying a judgment entered in plaintiff's favor. We vacate the June 5, 2007, order and remand this case to the trial court.

I

Defendant worked as a maintenance supervisor for plaintiff, a manufacturer of steel parts for the automobile and other industries, until plaintiff terminated defendant's employment on February 1, 2006. On February 3, 2006, plaintiff brought this action against defendant, alleging that defendant embezzled and converted approximately $38,000 of plaintiff's property by selling scrap metal owned by plaintiff to a third party who paid defendant. Plaintiff sought damages under MCL 600.2919a, which permits the recovery of treble damages for embezzlement and conversion claims.[1]

---

[1] The record also reveals that criminal charges stemming from defendant's conduct were filed in the Kalkaska Circuit Court.

Plaintiff moved for summary disposition under MCR 2.116(C)(10). Plaintiff's motion asserted that defendant had admitted the embezzlement and had failed to respond to interrogatories or a request for admissions. On September 19, 2006, the trial court granted plaintiff summary disposition of its embezzlement and conversion claims and entered a judgment of $114,091.90, with statutory interest, costs, and reasonable attorney fees to be determined. This judgment apparently reflects the trebling of the $38,030.63 that defendant embezzled from plaintiff.

On October 9, 2006, plaintiff filed a motion for taxation of costs and reasonable attorney fees. The trial court conducted hearings on the motion on November 7, 2006,[2] and March 19, 2007. It came to light at the beginning of the hearing that plaintiff's insurer had reimbursed plaintiff for all but $5,000[3] of the loss it sustained from defendant's embezzlement. Defendant argued that plaintiff's actual loss was therefore only $5,000, and that the judgment should be reduced to reflect actual damages of $5,000, with treble damages of $15,000. Plaintiff maintained that it sustained actual damages of $38,030.63 as a result of defendant's embezzlement regardless of whether its insurer reimbursed it for the loss.[4] Thus, the question arose whether plaintiff's actual damages for purposes of trebling under MCL 600.2919a was the amount that defendant embezzled or the difference between that amount and the amount that plaintiff was reimbursed by its insurer.

[2] The hearing apparently commenced after the sentencing hearing in defendant's criminal case concluded. The judgment of sentence apparently included an order for restitution.

[3] Plaintiff's insurance deductible was $5,000.

[4] Plaintiff also asserted that it was obligated to repay its insurer pursuant to a subrogation clause in the insurance contract.

The trial court ultimately adopted the latter position, concluding that plaintiff's actual damages consisted of the $5,000 in embezzlement losses that plaintiff's insurance did not cover. In an order entered on June 5, 2007, the trial court modified the judgment, reducing the amount awarded to plaintiff to $15,000. The order also awarded plaintiff $9,740 in attorney fees and $430.93 in costs.

II

Pursuant to MCL 600.2919a(1)(a), a person damaged as a result of another person's stealing or embezzling property or converting property to the other person's own use may recover three times the amount of actual damages. Plaintiff argues that "actual damages" under this statute are the amount a defendant actually embezzled. Resolution of the issue presented turns on the definition of actual damages, which presents a question of law that this Court reviews de novo. *Northville Charter Twp v Northville Pub Schools*, 469 Mich 285, 289; 666 NW2d 213 (2003).

The statute does not define the term "actual damages." When interpreting statutory language, our obligation is to ascertain the legislative intent that may be reasonably inferred from the words expressed in the statute. *Wickens v Oakwood Healthcare Sys*, 465 Mich 53, 60; 631 NW2d 686 (2001). When the Legislature has unambiguously conveyed its intent in a statute, the statute speaks for itself, and judicial construction is not permitted. *Huggett v Dep't of Natural Resources*, 464 Mich 711, 717; 629 NW2d 915 (2001). We give undefined statutory terms their plan and ordinary meanings. *Oakland Co Bd of Co Rd Comm'rs v Michigan Prop & Cas Guaranty Ass'n*, 456 Mich 590, 604; 575 NW2d 751 (1998). In those situations, we may consult dictionary definitions. *Id.*

Black's Law Dictionary (8th ed) defines "actual damages" as: "An amount awarded to a complainant to compensate for a proven injury or loss; damages that repay actual losses." Applying this definition to MCL 600.2919a, "actual damages" means the actual loss a complainant suffered as a result of a defendant's criminal conduct. Here, there is no dispute that defendant embezzled $38,030.63 from plaintiff. Defendant did not pay back any of these funds.[5] This figure clearly represents the actual loss suffered by plaintiff as a result of defendant's embezzlement. The trial court initially entered a judgment awarding plaintiff three times that amount, or $114,091.90.

Upon discovering that plaintiff's insurer reimbursed plaintiff all but $5,000 of the embezzled funds, the trial court modified its judgment to reduce plaintiff's actual damages to $5,000. The definition of "actual damages," however, does not contemplate the victim's receipt of insurance proceeds in determining actual damages. Actual damages must exist in the first instance before the question of insurance proceeds properly arises. Once inflicted and created, actual damages do not change simply because an insurer has a contractual obligation to compensate the victim in whole or in part. The statute in question is not designed or intended to minimize a defendant's liability for his criminal conduct if his victim had the wherewithal to purchase insurance coverage to protect itself from the criminal conduct of third parties. It is the embezzler's misconduct, not the

---

[5] If defendant had repaid any of the funds, he might be entitled to offset the amount he repaid to determine the amount of actual damages. See, e.g., *In re Hamama*, 182 BR 757 (ED Mich, 1995). In this case, however, defendant did not repay any of the embezzled funds. To the extent that the record in this case includes mention of a criminal conviction and restitution order, the record does not include documents relating to those matters, and they are not at issue in this appeal.

interplay between the embezzler and the victim's insurer, that creates actual damages. Indeed, MCL 600.2919a is a punitive statute that provides for recovery of three times the amount embezzled. Punitive damages reflect a worthy public policy consideration of punishing dishonest defendants and setting an example for similar wrongdoers. To define "actual damages" as the amount embezzled less the amount a victim receives in insurance benefits as a result of a covered loss thwarts the purpose of the statute.[6]

III

We conclude that the trial court erred by modifying the judgment and reducing the amount of the judgment on the basis that plaintiff's actual damages did not include the amount reimbursed by its insurer. We therefore vacate the order modifying the judgment and remand to the trial court to reinstate the original judgment of $114,091.90. Plaintiff, being the prevailing party, may tax costs pursuant to MCR 7.219. We do not retain jurisdiction.

Order vacated and case remanded.

---

[6] Indeed, defining "actual damages" as the amount embezzled less any amount received as insurance proceeds in this matter would result in treble damages of $15,000, less than half the amount embezzled. Additionally, MCL 600.2919a(2) notes that the remedy provided in MCL 600.2919a is cumulative to other rights or remedies the person may have at law. Plaintiff's right to collect under an insurance policy for the loss incurred as a result of defendant's embezzlement does not diminish plaintiff's right to recover three times the amount of actual damages under MCL 600.2919a.