# STATE OF MICHIGAN

# COURT OF APPEALS

MATTHEW J. SHIFFMAN,

      Plaintiff-Appellant,

v

AUTO SOURCE WHOLESALE, LLC and
JAMES M. KATZ,

      Defendants-Appellees,

and

JEFFREY L. KATZ, Individually and as Trustee
of the MARTHA L. KATZ REVOCABLE
LIVING TRUST U/A 03/08/1993 FBO J. KATZ,
and the MARTHA L. KATZ REVOCABLE
LIVING TRUST U/A 03/08/1993 FBO J. KATZ,

      Defendants.

UNPUBLISHED
August 14, 2018

No. 339291
Oakland Circuit Court
LC No. 2016-154248-CK

Before: O'BRIEN, P.J., and METER and RIORDAN, JJ.

PER CURIAM.

Plaintiff appeals as of right from a final judgment entered in his favor in this breach of contract action, which granted him summary disposition on three counts of his amended complaint and awarded him damages. Specifically, plaintiff's claims on appeal result from the trial court's order granting summary disposition in part, denying summary disposition on Count X of his amended complaint, relating to statutory stealing under MCL 600.2919a(1), and the denial of plaintiff's motion for partial reconsideration.[1]

---

[1] Jeffrey L. Katz (Jeffrey), the father of defendant James M. Katz (James), and the Martha L. Katz Revocable Living Trust U/A 03/08/1993 FBO J. Katz (Katz Trust), were dismissed from the case by stipulation, and they are not subjects of this appeal.

-1-

On appeal, plaintiff argues that the trial court erred in dismissing his statutory stealing claim by redefining it sua sponte as a claim for conversion rather than stealing. He contends he was entitled to summary disposition on the statutory stealing claim, and the attendant treble damages, because defendant, James Katz (Katz) and Auto Source Wholesale, LLC (Auto Source) (collectively, "defendants"), engaged in willful misconduct by absconding with $250,000 belonging to him.

We reverse and remand for entry of an order granting plaintiff summary disposition on his statutory stealing claim, and for a determination by the trial court regarding an award of treble damages.

## I. BACKGROUND FACTS & PROCEDURAL HISTORY

Plaintiff agreed to loan defendants $250,000, who purportedly were experiencing "cash flow" issues, and who had told plaintiff that their used car dealership could "secure financing from Next Gear Capital to purchase vehicles that we have to pay for before Next Gear reimburses us." To acquire the $250,000 from plaintiff, Katz told him that he would guarantee the "loan" with funds from the Katz Trust, which was set up by his grandmother, and to which Katz claimed he was the beneficiary. In response to plaintiff's request that Katz and his father personally guarantee the repayment of the loan, Katz fraudulently claimed there was a balance of $471,789.41 in the trust and that those funds were available to repay plaintiff's $250,000. In reality, the balance of the Katz Trust was 13 cents. When it came time for repayment, defendants failed to do so. Rather, Katz used much of plaintiff's $250,000 for personal expenses and to repay other Auto Source, LLC debts. Plaintiff eventually filed this action, alleging, among other things, breach of contract, common law fraud, and statutory stealing under MCL 600.2919a.

## II. ANALYSIS

This Court reviews a motion for summary disposition de novo. *Gorman v American Honda Motor Co, Inc*, 302 Mich App 113, 115; 839 NW2d 223 (2013). We review only the evidence that was presented at the time the trial court made its decision on the motion. *Id*. at 120. A motion for summary disposition under MCR 2.116(C)(10) challenges the factual sufficiency of a plaintiff's claim. *Id*. at 115. The trial court considers the evidence in the light most favorable to the nonmoving party. *Id*. Summary disposition is proper under MCR 2.116(C)(10) if " 'there is no genuine issue regarding any material fact and the moving party is entitled to judgment as a matter of law.' " *Id*. at 116 (citation omitted). There is a genuine issue of material fact " 'when the record, giving the benefit of reasonable doubt to the opposing party, leaves open an issue upon which reasonable minds might differ.' " *Id*. (citation omitted). Additionally, this Court reviews questions of statutory interpretation de novo. *Aroma Wines & Equip, Inc v Columbian Distrib Servs, Inc*, 497 Mich 337, 345; 871 NW2d 136 (2015) (*Aroma Wines II*).

Originally, MCL 600.2919a did not provide a remedy against the individual who stole, embezzled, or converted property. *Aroma Wines II*, 497 Mich at 354. Then, in 2005, the statute was amended to create a cause of action against the individual wrongdoer. *Id*. at 339. Now, the current version of MCL 600.2919a(1) provides:

(1) A person damaged as a result of either or both of the following may recover [three] times the amount of actual damages sustained, plus costs and reasonable attorney fees:

(a) Another person's stealing or embezzling property or converting property to the other person's own use.

(b) Another person's buying, receiving, possessing, concealing, or aiding in the concealment of stolen, embezzled, or converted property when the person buying, receiving, possessing, concealing, or aiding in the concealment of stolen, embezzled, or converted property knew that the property was stolen, embezzled, or converted.

Plaintiff's claim for statutory stealing is not part of his original four-count complaint. Plaintiff later added a claim pursuant to MCL 600.2919a in an amended complaint, which clearly set forth a claim for statutory stealing and not a claim for statutory conversion. Plaintiff alleged as follows (emphasis added):

98. Through their fraudulent scheme and by false pretenses as alleged above, [defendants] *stole* $250,000 from [plaintiff].

99. Through their fraudulent scheme and by false pretenses as alleged above, [defendants] received and possessed the property *stolen* from [plaintiff].

100. Through their fraudulent scheme and by false pretenses as alleged above, [defendants] aided each other in receiving and possessing the *stolen* property with actual knowledge that the property was *stolen*.

101. James [ ] concealed and/or aided in the concealment of the *stolen* property with actual knowledge that the property was *stolen*.

102. As a direct and proximate result of the actions of [defendants] as alleged above, [plaintiff] has suffered damages as alleged above, including exemplary damages.

## A. STATUTORY STEALING

Plaintiff's motion for summary disposition asserted a claim for statutory stealing pursuant to MCL 600.2919a and plaintiff argued he was entitled to summary disposition because Katz's fraudulent misrepresentations and forgeries constituted an illegal taking of property with the intent to unlawfully keep it, as well as a taking by false pretenses. Plaintiff is correct that that the trial court erred in treating his claim for statutory stealing as one for statutory conversion because those theories are two separate and distinct causes of action pursuant to the statute.

Plaintiff never made a claim for statutory conversion. Defendants' response to plaintiff's motion for summary disposition set forth the requirements to prevail on a statutory conversion claim, but then asserted that plaintiff was not entitled to summary disposition because a question of fact remained regarding whether plaintiff was the real owner of the "allegedly stolen funds."

-3-

As plaintiff never brought a statutory conversion cause of action, it is unclear why the trial court sua sponte converted this case into one by adopting the defendants' conversion analysis.

This Court follows the rules of statutory construction, and must discern and give effect to the Legislature's intent. *Aroma Wines II*, 497 Mich at 345. "The language of the statute is the most reliable evidence of that intent, and we enforce the clear and unambiguous language of the statute as written." *Id*. Effect must be given to every phrase, clause, and word in a statute so that no word is treated as surplusage or rendered nugatory. *Id*. MCL 600.2919a(1)(a) provides that a person may recover damages, costs, and attorney fees as the result of "[a]nother person's stealing *or* embezzling property *or* converting property to the other person's own use." MCL 600.2919a(1)(a) (emphasis added). "In general, 'or' is a disjunctive term, indicating a choice between two alternatives[.]" *Paris Meadows, LLC v City of Kentwood*, 287 Mich App 136, 148; 783 NW2d 133 (2010). Legislators are presumed to know the rules of grammar, and statutes are to be read within their grammatical context, unless a contrary intent is otherwise expressed. *Richards v Richards*, 310 Mich App 683, 700-701; 874 NW2d 704 (2015). Thus, MCL 600.2919a(1)(a) should be read as providing a basis for recovery when another person steals, or embezzles, or converts another person's property. *Paris Meadows*, 287 Mich App at 148. Any of the three alternatives are sufficient to recover. *Id*. In analyzing the statutory language of "converting property to the other person's own use," the Michigan Supreme Court noted,

> While the parties and this Court refer to a claim pursued under MCL 600.2919a as a "statutory conversion" claim, the plain language of MCL 600.2919a(1)(a) makes clear that a claim also accrues to the victim of "[a]nother person's stealing or embezzling" property. [*Aroma Wines II*, 497 Mich at 347 n 18.]
>
> \* \* \*
>
> In disputing the meaning of "conversion . . . to [the defendant's] own use," the parties essentially concede that no "stealing" or "embezzling" occurred within the meaning of MCL 600.2919a(1)(a) and that MCL 600.2919a(1)(b) is not at issue in this case. Indeed, under any reading of the statute, MCL 600.2919a applies to all "stealing" and "embezzling." [*Id*. n 19.]

Additionally, this Court has treated claims for embezzlement under this statute as a claim separate from one for stealing or conversion. See generally *New Props, Inc v George D Newpower, Jr, Inc*, 282 Mich App 120; 762 NW2d 178 (2009).

The trial court relied on *Lawsuit Fin, LLC v Curry*, 261 Mich App 579, 593; 683 NW2d 233 (2004), quoting *Hovanesian v Nam*, 213 Mich App 231, 237; 539 NW2d 557 (1995), for the proposition that "simply retaining money does not amount to 'buying, receiving or aiding in the concealment of stolen, embezzled or converted property.'" *Lawsuit Fin* specifically dealt with a statutory conversion claim. *Lawsuit Fin*, 261 Mich App at 592-593. It was decided prior to the 2005 change of the language in the statute. In support of its conclusion, the trial court cited language from the pre-2005 statute, which did not include a cause of action against the individual wrongdoer. *Aroma Wines II*, 497 Mich at 339. Conversely, plaintiff's claim here is pursuant to the post-2005 statutory language of MCL 600.2919a and the claim is for statutory stealing rather than statutory conversion as the trial court ruled.

We further agree with plaintiff that he was entitled to summary disposition on his statutory stealing claim. MCL 600.2919a does not define "stealing" for purposes of the statute. When interpreting statutory language, this Court must ascertain the legislative intent that may be reasonably inferred from the words expressed in the statute and we may consult dictionary definitions to do so. *Alken-Ziegler, Inc v Hague*, 283 Mich App 99, 102-103; 767 NW2d 668 (2009).[2] Where a "statute uses a common-law term of established meaning without otherwise defining it, the general practice is to give that term its common-law meaning. But 'stolen' (or 'stealing') has no accepted common-law meaning." *United States v Turley,* 352 US 407, 411; 77 S Ct 397; 1 L Ed 2d 430 (1957). Because there is no common-law meaning of the word "steal," we give it the meaning consistent with the context in which it appears. *Id.* at 412-13. When a statutory term is undefined, dictionary definitions may be consulted. *Id.* The *Turley* court referenced *Black's Law Dictionary* (4th ed) to define stealing as "the criminal taking of personal property either by larceny, embezzlement, or false pretenses." *Turley*, 352 US at 413. Also in that case, the U.S. Supreme Court cautioned "we should give 'stolen' the meaning consistent with the context in which it appears." *Id.*

In the context of defining a term, *Black's Law Dictionary* is among the "most useful and authoritative for the English language generally and for law." Scalia & Garner, *Reading Law: The Interpretation of Legal Texts* (St. Paul: Thomson/West, 2012), pp 419 & 424. The present edition of *Black's* continues to define "steal" as "[t]o take (personal property) illegally with the intent to keep it unlawfully," or "[t]o take (something) by larceny, embezzlement, or false pretenses." *Black's Law Dictionary* (10th ed). The defendants' actions fit within this definition of "steal." Plaintiff unwittingly agreed to provide defendants with a $250,000 "loan," and the funds were transferred pursuant to a false promissory note and a fraudulent guaranty. Clearly, defendants had the intent to keep the money unlawfully, or "steal" it, as demonstrated by the evidence that Katz knew that the funds in the Katz Trust were not sufficient to pay plaintiff back $250,000.[3]

In essence, Katz stole plaintiff's money by false pretenses. "False pretenses" is defined as "[t]he crime of knowingly obtaining title to another person's personal property by misrepresenting a fact with the intent to defraud." *Black's Law Dictionary* (10th ed). The Michigan Penal Code defines "false pretenses" as including, but not limited to:

---

[2] The *Alken-Ziegler* court then went on to define the term "actual damages" by citing *Black's Law Dictionary* (8th ed).

[3] James invoked his Fifth Amendment right to self-incrimination, and he refused to testify about his participation in any illegal or fraudulent acts. Thus, the trial court was permitted to draw an adverse inference that any testimony on these facts would have been adverse to defendants. *Phillips v Deihm*, 213 Mich App 389, 400; 541 NW2d 566 (1995) ("[T]he Fifth Amendment does not forbid adverse inferences against parties to civil actions when they refuse to testify in response to probative evidence offered against them: the amendment does not preclude the inference where the privilege is claimed by a party to a civil cause.").

[A] false or fraudulent representation, writing, communication, statement, or message, communicated by any means to another person, that the maker of the representation, writing, communication, statement, or message knows is false or fraudulent. The false pretense may be a representation regarding a past or existing fact or circumstance or a representation regarding the intention to perform a future event or to have a future event performed. [MCL 750.218(11).]

As the trial court noted in its order when it granted plaintiff summary disposition as to his breach of contract and common law fraud claims, "there can be no doubt [that] [d]efendants provided false and forged documents to [p]laintiff in order to obtain the loan" that they knowingly could not pay back. Thus, there is no genuine issue of material fact that defendants stole $250,000 from plaintiff, and plaintiff was entitled to summary disposition on his statutory stealing claim.

Rather than relying on *Black's Law Dictionary* as a reference, the dissent reasons that another dictionary should be used to define the word as the appellant did not plead that steal has a unique legal meaning.[4] We disagree that there is a specific pleading requirement necessary for this Court to engage in the statutory analysis to determine the meaning of words or phrases. In any event, applying the *Random House Webster's College Dictionary* (2000) definition, as the dissent urges, "steal" is defined as "to take (the property of another or others) without permission or right, esp. secretly or by force," and "to appropriate . . . without right or acknowledgment." See also *People v. Pratt*, 254 Mich. App. 425, 428; 656 N.W.2d 866 (2002).

The dissent seems to conclude that Katz rightfully took plaintiff's money rather than characterizing his action as a misappropriation for a purpose for which the plaintiff did not give him permission to do. However, the record shows the defendant falsely took plaintiff's money and used it for personal and other expenses unrelated to the "loan" agreement purpose which was to utilize the $250,000 for defendant's used car dealership so that it could "secure financing from Next Gear Capital to purchase vehicles." This was a taking without having permission or the

---

[4] The dissent disagrees that we should consult *Black's Law Dictionary* as a source to define "steal." It states "[i]f we were to apply this definition of 'steal' to MCL 600.2919a, the statute's inclusion of 'embezzling property' as a separate claim would be surplusage." As the canon of surplusage is not an absolute rule, we decline to adopt the dissent's reasoning. *Reading Law*, pp 177-178. Caution must be taken when invoking the anti-redundancy canon as a judicial exercise because to eliminate all possibilities of redundancy may result in little more than judicial policymaking. Kavanaugh, *Book Review, Fixing Statutory Interpretation,* 129 Harvard L Rev 2118 (2016). Indeed, often times, the second part of a phrase may be synonymous with the first and is not a cause to find the words to be of distinct and separate meanings, and applications. *Moskal v United States*, 498 US 103, 120-121; 111 S Ct 461; 112 L Ed 2d 449 (1990) (SCALIA, J., dissenting). The surplusage canon cannot always be dispositive because "[s]ometimes drafters *do* repeat themselves and *do* include words that add nothing of substance, either out of a flawed sense of style or to engage in the ill-conceived but lamentably common belt-and-suspenders approach." *Reading Law*, pp 176-177 (emphasis in original).

right to do so. Thus, defendants' conduct fits within the dissent's preferred definition of "steal" and amounts to a violation of MCL 600.2919a.

## B. TREBLE DAMAGES

MCL 600.2919a(1) provides that an individual damaged under the statute "may recover [three] times the amount of actual damages sustained, plus costs and reasonable attorney fees." "May" is permissive, and indicates discretionary action. *Haring Charter Twp v City of Cadillac*, 290 Mich App 728, 749; 811 NW2d 74 (2010). An award of treble damages is within a court's discretion, and the plaintiff must demonstrate that the trial court's denial of treble damages was outside the range of principled outcomes. *Hoffenblum v Hoffenblum*, 308 Mich App 102, 117; 863 NW2d 352 (2014). Treble damages are designed to penalize or punish "dishonest defendants," and set an example for other wrongdoers. *Alken-Ziegler,* 283 Mich App at 104. Treble damages are punitive in nature. *Stevens v Creek*, 121 Mich App 503, 509; 328 NW2d 672 (1982).

Plaintiff requested an award of treble damages in his amended complaint and motion for summary disposition. The trial court did not grant plaintiff treble damages, or even consider them, because it denied plaintiff's motion for summary disposition related to statutory stealing. Thus, on remand, the trial court must consider whether to grant plaintiff treble damages as this Court is unable to grant plaintiff such relief as it only is within the discretion of the trial court, and up to the trier of fact to do so. *Aroma Wines & Equip, Inc v Columbian Distrib Servs, Inc*, 303 Mich App 441, 449-450; 844 NW2d 727 (2013) (*Aroma Wines I*).

## III. CONCLUSION

Reversed and remanded for an order granting plaintiff summary disposition on his statutory stealing claim, and for a determination regarding an award of treble damages at the trial court's discretion. We do not retain jurisdiction.

/s/ Patrick M. Meter
/s/ Michael J. Riordan