*If this opinion indicates that it is "FOR PUBLICATION," it is subject to revision until final publication in the Michigan Appeals Reports.*

# STATE OF MICHIGAN

# COURT OF APPEALS

WEISS CONSTRUCTION CO., LLC,

        Plaintiff/Counterdefendant-
        Appellee,

v

POSEN CONSTRUCTION, INC., and LIBERTY MUTUAL INSURANCE COMPANY,

        Defendants,

and

CITY OF DEARBORN,

        Defendant/Counterplaintiff-
        Appellant.

UNPUBLISHED
July 18, 2019

No. 340573
Wayne Circuit Court
LC No. 12-001548-CK

Before: TUKEL, P.J., and JANSEN and RIORDAN, JJ.

PER CURIAM.

Defendant, the city of Dearborn ("Dearborn"), appeals as of right the trial court's order granting summary disposition in favor of plaintiff, Weiss Construction Co, LLC ("Weiss"), pursuant to MCR 2.116(C)(10), with respect to Dearborn's counterclaim for statutory conversion, MCL 600.2919a. We affirm.

## I. FACTS AND PROCEDURAL HISTORY

This action arises from a sewer overflow system construction project in the city of Dearborn. Defendant Posen Construction, Inc. ("Posen"), was the general contractor for the project and Weiss was a subcontractor. Weiss filed this action in 2012, alleging it was not fully paid for its work. At issue in this appeal is Dearborn's counterclaim against Weiss to recover equipment that Dearborn allegedly purchased through Posen, but which Weiss refused to turn over to Dearborn. In earlier proceedings, the trial court granted summary disposition in favor of

Dearborn on its counterclaims for claim and delivery and common-law conversion, but dismissed Dearborn's counterclaim for statutory conversion, MCL 600.2919a. In a prior appeal, this Court reversed the trial court's dismissal of Dearborn's statutory conversion claim, holding that there was "a question of fact for the fact-finder whether [Weiss's] use [of Dearborn's property] was personal to Weiss's interests." *Weiss Constr Co, LLC v Posen Constr, Inc*, unpublished per curiam opinion of the Michigan Court of Appeals, issued May 17, 2016 (Docket No. 325029), p 7 ("*Weiss I*"). This Court's prior opinion in *Weiss I* provides the following summary of the relevant background facts:

> This case involves claims arising from the construction of a sewer-overflow system in the city of Dearborn. The project was called the Dearborn CSO Contract No. 2 Project (hereinafter "project"). Dearborn owned the project, Liberty provided a payment bond for the project, Posen was the general contractor, and Weiss was a subcontractor hired by Posen. Weiss provided and installed certain mechanical systems for Posen's use on the project. Weiss alleged that despite its full performance under its agreement with Posen, Posen failed to pay Weiss in full.

> Consequently, Weiss filed the present action against Dearborn, Posen, and Liberty. In Count I, Weiss asserted a bond claim against Liberty. Weiss alleged that Posen provided Dearborn with a payment bond, which listed Liberty as the surety. The bond was for the protection of claimants supplying labor and materials for the project, which included Weiss. Accordingly, Weiss asserted that Liberty is indebted to it for the mechanical systems it provided and installed. In Count II, Weiss asserted a breach of contract claim against Posen for failing to pay Weiss for the mechanical systems it provided and installed. Finally, in Count III, Weiss asserted an unjust enrichment claim against Posen and Dearborn, arguing that they were unjustly enriched by Weiss's installation of the mechanical systems.

> Dearborn filed a counterclaim against Weiss, asserting claims for claim and delivery, statutory conversion pursuant to MCL 600.2919a, and common law conversion arising from property Weiss was in possession of that Dearborn alleged belonged to it.

> Dearborn, Posen, and Liberty moved for summary disposition based on res judicata, which the trial court granted. Posen had filed a lawsuit against Dearborn in 2009 related to construction delays on the project, which was resolved through case evaluation. The trial court found that although Weiss's name was not mentioned in the 2009 complaint, exhibit A to the complaint detailed Posen's damages and listed Weiss as part of that claim, which the trial court found was the exact claim for damages Weiss asserted in the current litigation. The trial court also determined that Dearborn's counterclaim was barred by the doctrine of res judicata, finding that any counterclaims that could have been asserted to Weiss's claim should have been asserted in the 2009 litigation. However, after reconsidering its order upon Dearborn's motion, the trial court granted summary disposition in favor of Dearborn on its claim and delivery and common law

conversion claims, but dismissed Dearborn's statutory conversion claim. [*Weiss I*, unpub op at 1-2.]

In the trial court's November 2014 order granting summary disposition for Dearborn on its counterclaims for claim and delivery and common-law conversion, the court ordered Weiss to return the equipment to Dearborn, which it did.

In *Weiss I*, Dearborn appealed the trial court's dismissal of the statutory conversion claim. This Court held that the trial court erroneously dismissed that claim because there was record evidence that Weiss held the property as leverage to force Dearborn or Posen to pay for storage and maintenance of the equipment, and this created a genuine issue of material fact regarding whether such use was personal to Weiss's interests. *Weiss I*, unpub op at 5-7, citing *Aroma Wines & Equip, Inc v Columbian Distribution Servs, Inc*, 303 Mich App 441, 449; 844 NW2d 727 (2013).

On remand, Weiss again moved for summary disposition of the statutory conversion claim, this time arguing that because the property had been returned, Dearborn could not show that it incurred "actual damages" under MCL 600.2919a(1)(a). The trial court ordered Dearborn to submit a copy of its theory of damages to Weiss, which it did. Dearborn argued that although the property had been returned, it was still entitled to recover the amount it paid for the equipment, $638,797.42, which should be trebled to $1,916,392.26.

On August 2, 2017, the trial court issued a written opinion and order granting Weiss's motion for summary disposition. The court agreed that in light of *Weiss I*, the question "whether Weiss converted the property for its 'own use' is a question to be decided by the jury," but concluded that Weiss was entitled to summary disposition because "there is no genuine issue of material fact on the issue of whether Dearborn sustained any 'actual damages' under MCL 600.2919a." The court also determined that Dearborn was not entitled to recover its costs and attorney fees from Weiss because Dearborn was not a "person damaged" under MCL 600.2919a(1). This appeal followed.

## II. LAW OF THE CASE

Dearborn initially argues that the trial court disregarded this Court's prior decision in *Weiss I* when, on remand, it again granted summary disposition in favor of Weiss with respect to Dearborn's counterclaim for statutory conversion because this Court implicitly decided in *Weiss I* that it was able to satisfy the "actual damages" element of a claim for statutory conversion, otherwise this Court would not have remanded the case for further proceedings. We disagree.

"The law of the case doctrine holds that a ruling by an appellate court on a particular issue binds the appellate court and all lower tribunals with respect to that issue." *New Props, Inc v George D Newpower, Jr, Inc*, 282 Mich App 120, 132; 762 NW2d 178 (2009) (internal quotation marks and citations omitted). "If an appellate court has passed on a legal question and remanded the case for further proceedings, the legal questions thus determined by the appellate court will not be differently determined on a subsequent appeal in the same case where the facts remain materially the same." *Id.* (internal quotation marks, brackets, and citations omitted).

The law of the case applies "only to issues actually decided, either implicitly or explicitly, in the prior appeal." *Grievance Administrator v Lopatin*, 462 Mich 235, 260; 612 NW2d 120 (2000).

In *Weiss I*, this Court considered whether the trial court previously erred by dismissing Dearborn's claim for statutory conversion, but only addressed whether Dearborn could prove the statutory requirement under MCL 600.2919a(1)(a) that the converted property be converted "to the other person's own use." *Weiss I*, unpub op at 6-7. Although this Court held that the evidence established a question of fact whether Weiss converted Dearborn's property for Weiss's own use, this Court did not conclude that Dearborn was entitled to judgment in its favor on its claim for statutory conversion. More significantly, this Court never addressed whether Dearborn would be able to satisfy the "actual damages" element of MCL 600.2919a(1). The "actual damages" element was not at issue in *Weiss I*, and thus, there was no reason for this Court to address or decide that issue. This Court only addressed whether there was evidentiary support for a finding that Weiss converted the property for its own use, which involved an issue separate and distinct from the statutory requirement of "actual damages." *Weiss I*, unpub op at 6-7. Under these circumstances, there is no basis for concluding that the statutory requirement of "actual damages" was implicitly decided in *Weiss I*.

Because the law of the case doctrine applies only to issues actually decided in a prior appeal, and this Court in *Weiss I* did not decide any issue involving the "actual damages" element of a claim for statutory conversion, either explicitly or implicitly, the law of the case did not prohibit the trial court's plenary consideration of that issue on remand.

### III. ACTUAL DAMAGES

Dearborn argues that the trial court erred by granting Weiss's motion for summary disposition pursuant to MCR 2.116(C)(10), with respect to Dearborn's claim for statutory conversion. Although Dearborn acknowledges that Weiss returned the disputed property after the trial court found Weiss liable for common-law conversion, it argues that Weiss's initial act of converting the property for Weiss's own use is alone sufficient to satisfy the requirement of "actual damages" under MCL 600.2919a(1). We disagree.

We review de novo a trial court's decision on a motion for summary disposition. *Spiek v Dep't of Transp,* 456 Mich 331, 337; 572 NW2d 201 (1998). A motion under MCR 2.116(C)(10) tests the factual support for a claim. The court must consider the pleadings, affidavits, depositions, admissions, and any other documentary evidence submitted by the parties, and view that evidence in the light most favorable to the nonmoving party to determine whether a genuine issue of material fact exists. MCR 2.116(G)(5); *Maiden v Rozwood,* 461 Mich 109, 118-120; 597 NW2d 817 (1999). Summary disposition should be granted if, except as to the amount of damages, there is no genuine issue of material fact and the moving party is entitled to judgment as a matter of law. *Babula v Robertson*, 212 Mich App 45, 48; 536 NW2d 834 (1995). "A genuine issue of material fact exists when the record, giving the benefit of reasonable doubt to the opposing party, leaves open an issue upon which reasonable minds might differ." *Bahri v IDS Prop Cas Ins Co*, 308 Mich App 420, 423; 864 NW2d 609 (2014).

Dearborn's statutory conversion claim is premised on MCL 600.2919a, which provides in pertinent part:

(1) A person damaged as a result of either or both of the following may recover 3 times the amount of actual damages sustained, plus costs and reasonable attorney fees:

(a) Another person's stealing or embezzling property or converting property to the other person's own use.

\* \* \*

(2) The remedy provided by this section is in addition to any other right or remedy the person may have at law or otherwise.

In MCL 600.2919a, "the Legislature intended to create a separate statutory cause of action for conversion 'in addition to any other right or remedy' a victim of conversion could obtain at common law." *Aroma Wines*, 497 Mich at 340, quoting MCL 600.2919a. The statute allows a "person damaged" as a result of conduct specified in the statute to recover "3 times the amount of *actual damages* sustained, plus costs and reasonable attorney fees." MCL 600.2919a(1) (emphasis added). At issue here is whether Dearborn can satisfy the requirement of "actual damages," as a distinct element necessary to establish a claim for statutory conversion.

MCL 600.2919a(1) does not define the term "actual damages." However, In *Alken-Ziegler, Inc v Hague*, 283 Mich App 99, 103; 767 NW2d 668 (2009), this Court gave the term its plain meaning, which is, "the actual loss a complainant suffered as a result of a defendant's criminal conduct." In that case, the defendant embezzled $38,030.63 from his employer, the plaintiff, and did not pay back any of the funds. *Id*. The plaintiff's insurer reimbursed the plaintiff for all but $5,000 and the trial court modified its judgment by reducing the actual damages to $5,000. *Id*. This Court reversed, holding that an insurer's contractual liability to the plaintiff did not absolve the defendant of his liability under the statute. *Id*. This Court reasoned that "[i]t is the embezzler's misconduct, not the interplay between the embezzler and the victim's insurer, that creates actual damages." *Id*. at 103-104.

Unlike in *Hague*, there is no dispute that the property at issue has been returned. "If property is eventually returned after a period of wrongful detention, the owner may nevertheless be entitled to damages, including damages for the reasonable value of the property's use during the period of detention." *Magley v M & W Inc*, 325 Mich App 307, 317; 926 NW2d 1 (2018), citing *Maycroft v The Jennings Farms*, 209 Mich 187, 192-194; 176 NW 545 (1920) (stating that when converted property is returned to the owner, either voluntarily or by suit, damages are measured "not by the value of the property attempted to be converted, but by the deterioration in value, if any, between the time of the illegal taking and the return to the owner, the reasonable value of its use . . . during the period of detention, costs and expenses in recovering the same, and perhaps other items in special circumstances"). Dearborn has not advanced any such theory at trial or on appeal. Instead, Dearborn maintains that it is entitled to the market value of the property at the time of conversion. That is not the proper measurement of damages in a case where property has been returned. Dearborn did not claim, let alone provide evidence to support a claim that the returned property was damaged or had deteriorated in value between the time of conversion and its return, or that it was deprived of the reasonable value of its use during the period of conversion. Instead, the unrebutted evidence shows that progress on the underlying

sewer project had been stayed during the time that Weiss had possession of the equipment, which indicates Dearborn was not harmed by its lack of access to the equipment during that period.

Thus, even when viewing the evidence in the light most favorable to Dearborn, we cannot say that Dearborn met its burden of establishing a genuine issue of material fact regarding any "actual damages" to support recovery under MCL 600.2919a(1). Accordingly, we affirm the trial court's dismissal of Dearborn's claim for statutory conversion under MCR 2.116(C)(10).

## IV. RIGHT TO A JURY DETERMINATION OF ACTUAL DAMAGES

Dearborn argues that it was entitled to have a jury determine if it sustained actual damages with regard to its claim for statutory conversion. A determination of damages is ordinarily for the trier of fact to decide. *Aroma Wines*, 303 Mich App at 449. However, a jury is charged only with resolving disputed facts, and thus a party is not entitled to a jury trial if no disputed issues of material fact exist. *Moll v Abbott Laboratories*, 444 Mich 1, 26-28; 506 NW2d 816 (1993). As indicated, the trial court did not err by ruling that Dearborn failed to establish a genuine issue of material fact regarding actual damages. Accordingly, Dearborn was not entitled to submit this claim to a jury. Dearborn also suggests that this Court's decision in *Weiss I* entitled it to a jury determination of its claim for statutory conversion. As explained earlier, this Court in *Weiss I* only held that there was an issue for the jury regarding whether Weiss converted Dearborn's equipment for its own use. *Weiss I*, unpub op at 6-7. On remand, the trial court recognized that, under *Weiss I*, Dearborn was entitled to a jury determination of that issue. However, that did not preclude the trial court from determining that Dearborn failed to establish a genuine issue of material fact and thus obviated the need for a jury trial.

## V. COSTS AND ATTORNEY FEES

Dearborn also argues that the trial court erred by refusing to award it costs and attorney fees under MCL 600.2919a(1). The trial court determined that Dearborn did not qualify as a "person damaged" under this statute. Issues of statutory interpretation are reviewed de novo as questions of law. *New Props, Inc*, 282 Mich App at 139. MCL 600.2919a(1) provides that "[a] person damaged as a result of" the conversion of its property for another's use, "may recover 3 times the amount of actual damages sustained, plus costs and reasonable attorney fees." We agree with the trial court; having found that Dearborn could not establish actual damages, Dearborn was not entitled to recover attorney fees pursuant to the plain language of the statute. Even though Dearborn was able to recover its equipment, it did so on the basis of its successful prosecution of its claims for claim and delivery and common-law conversion, which do not allow for the recovery of costs and attorney fees. Accordingly, the trial court did not err by refusing to award Dearborn its requested costs and attorney fees.

## VI. REASSIGNMENT TO A DIFFERENT JUDGE

Dearborn argues that if this case is remanded to the trial court, it should be reassigned to a different judge on remand to preserve the appearance of justice. Because we are affirming the trial court's order, remand is not necessary. Therefore, it is not necessary to address this issue.

## VII. CONCLUSION

Affirmed.

/s/ Jonathan Tukel
/s/ Kathleen Jansen
/s/ Michael J. Riordan